UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>JACK DUDUM, et al.,<br><br>    Defendants. | Case No. 21-cv-05081-SI<br><br>**ORDER CONVERTING PLAITNIFFS' MOTION TO DISMISS INTO MOTION FOR SUMMARY JUDGMENT AND SETTING ADDITIONAL DEADLINES AND BRIEFING**<br><br>Re: Dkt. No. 17, 34 |

Plaintiff Orlando Garcia sues (1) defendant Jack and Sylvia Dudum, in their individual and representative capacity as trustee/owners of the real property at 2412 Webb Avenue, Alameda, California ("the Property") and (2) defendant Michael Lee, owner of the Sandwich Board located at the Property. Dkt. No. 1 at ¶¶ 2-3. Plaintiff alleges various barriers to accessibility at the Property under the Americans with Disabilities Act ("ADA") and California state law.

Before the Court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3). Defendant argues (1) plaintiff should be declared a vexatious litigant, (2) the ADA claims should be dismissed as moot, and (3) the Court should decline to exercise supplemental jurisdiction over the California Unruh Act claim. Having reviewed the parties' submissions and the applicable law, the Court find the defendants' motion to dismiss on mootness grounds must be converted to a motion for summary judgment and hereby VACATES the October 29, 2021 hearing.

**BACKGROUND**

Plaintiff is a California resident who suffers from Cerebral Palsy, resulting in manual dexterity issues, an inability to walk, and requiring use of a wheelchair for mobility. Dkt. No. 1 ¶ 1. From 2014 to August 20, 2021, plaintiff has filed 732 lawsuits, 582 of which were ADA complaints

filed in the Central District of California. Dkt. No. 19 ¶ 1 (Corfee Decl. ISO MTD)

Defendants Jack and Sylvia Dudum own the Property at which defendant Michael Lee owns and operates the business the Sandwich Board. Dkt. No. 1 ¶¶ 2-3. Plaintiff allegedly went to Sandwich Board in May 2021 "to avail himself of its good or services …" Dkt. No. 1 ¶ 10. During that visit, plaintiff personally encountered barriers to accessibility, specifically a lack of: (1) wheelchair accessible counters and (2) wheelchair accessible dining surfaces. Dkt. No. 1 ¶¶ 12-21.

Plaintiff filed the instant action on June 30, 2021 alleging causes of action for violation of (1) the Americans with Disability Act (ADA) and (2) California's Unruh Civil Rights Act. Dkt. No. 1. On July 1, 2021, a scheduling order was issued in the matter stating the "[l]ast day for the parties and counsel to hold a joint site inspection of premises" was 60 days after service of the complaint. Dkt. No. 5. On July 2, 2021, the matter was reassigned from Magistrate Judge Beeler to the undersigned judge. Dkt. No. 8 (Notice of Re-Assignment). While the clerk's notice reassigning the matter vacated *hearing* dates, it left the ADA specific deadlines within the July 1, 2021 scheduling order intact. *Id*. Thus, the ADA deadlines should have been honored by the parties. *Id*. Plaintiff filed the service of summons on July 27, 2021; the joint site inspection should have taken place on or before September 25, 2021 (60 days after July 27). Dkt. No. 13.

**DISCUSSION**

I. **Failure to Comply with Scheduling Order**

The docket and plaintiff's opposition to the motion to dismiss indicate the parties have not conducted a joint site inspection. Dkt. No. 28 at 18[1] (Opposition to MTD). The parties are therefore ORDERED to conduct a joint site inspection as directed in the July 1, 2021 scheduling order on or before December 17, 2021. The parties must also comply with the other deadlines in the July 1, 2021 scheduling order.[2]

---

[1] For ease of reference, page numbers refer to the ECF branded number in the upper right corner of the page.

[2] For example, the parties are required to conduct an in-person meet and confer session to discuss settlement within 35 days after the joint site inspection. Dkt. No. 5.

## II. Mootness & Conversion of Motion to Dismiss into Motion for Summary Judgment

Because a private plaintiff can sue only for injunctive relief under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011); *see, e.g., Johnson v. Gallup & Whalen Santa Maria*, No. 17-CV-01191-SI, 2018 WL 2183254, at *4 (N.D. Cal. May 11, 2018) ("There can be no effective relief here, where defendants have already removed the architectural barriers that plaintiff identified in the complaint."). That is because a plaintiff only has Article III standing for injunctive relief if he can "demonstrate a sufficient likelihood that he will again be wronged in a similar way. That is, he must establish a real and immediate threat of repeated injury." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004). The threat of future injury dissipates if the barriers to accessibility have been remediated. *See Johnson v. Holden,* No. 5:18-CV-01624-EJD, 2020 WL 1288404, at *4 (N.D. Cal. Mar. 18, 2020).

In this case, defendants argue their voluntary remediation of the two barriers at issue—all structural—has mooted plaintiff's ADA claim. The Court agrees that if defendant can establish remediation, plaintiff's ADA claim is moot. The Court is satisfied defendants' alleged changes would not be mere "temporary fixes." *Sanchez v. Wendys No. 7421*, No. 819CV00111JLSDFM, 2019 WL 6603177, at *2 (C.D. Cal. Sept. 3, 2019). However, defendants rely upon extrinsic evidence from Gary Layman, CASp, in order to establish the Property is ADA compliant. Dkt. No. 21 (Layman Decl. ISO MTD). That is, defendants bring a factual attack on this Court's jurisdiction to hear plaintiff's ADA claims. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (distinguishing between factual and facial attacks on jurisdiction).

As a general matter, "[i]n resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039. "However, when the jurisdictional issue and the merits are 'intertwined,' or when the jurisdictional question is dependent on the resolution of factual issues going to the merits, the district court must apply the summary judgment standard in deciding the motion to dismiss." *Miller v. Lifestyle Creations, Inc.*, 993 F.2d 883 (9th Cir. 1993) *(quoting Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). "The question

3

of jurisdiction and the merits of an action are intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Safe Air for Everyone*, 373 F.3d at 1039. In this case, the question of whether there are violations of the ADA at the Property is determinative of both subject matter jurisdiction and the substantive claim for relief. The Court will therefore convert the motion to dismiss for mootness to a motion for summary judgment.

Applying the summary judgment standard, defendant must demonstrate there is no genuine dispute of material fact regarding the relevant accessibility barriers. *See Miller*, 993 F.2d at 883. In support of its argument to that effect, defendants submit a declaration from Gary Layman, CASp. Dkt. No. 21 (Layman Decl. ISO MTD). Plaintiff argues the declaration fails to establish the barriers are remediated. Dkt. No. 28 at 19 (Opposition). A conclusory declaration "stat[ing] that all ADA violations have remedied, but . . . provid[ing] no exhibits or other evidence to support these statements" is insufficient to support summary judgment on mootness grounds. *Johnson v. Mantena LLC*, No. 5:19-CV-06468-EJD, 2020 WL 1531355, at *2 (N.D. Cal. Mar. 31, 2020); *see also Kalani v. Starbucks Corp.*, 81 F. Supp. 3d 876, 882–83 (N.D. Cal. 2015), *aff'd sub nom. Kalani v. Starbucks Coffee Co.*, 698 F. App'x 883 (9th Cir. 2017) ("Conclusory opinions that the 'facility is free of non-compliant issues,' or that particular features, e.g., the accessible parking or point of sale, 'comply with all applicable access requirements,'" are "an insufficient basis on which to grant summary judgment."). The declaration must "provide factual support" in order to support a finding that the property has come into compliance with the applicable ADA standards. *Kalani*, 81 F. Supp. 3d at 882 (offering the following example of a properly supported opinion: "the pick-up counter . . . as modified now provides a length of 36 inches and a height of 34 inches, as such it complies with access regulations."). Such factual support is required regardless of whether the declarant is a CASp-certified expert.

Pursuant to the principles just recited, Mr. Layman's declaration is too conclusory to determine whether the Property complies with the ADA. The Court needs more detailed information, for example: the particular features of each barrier the CASp expert examined, the measurements taken and how they were taken, and the applicable ADA and California state law

4

standards applied. *See Johnson v. Montpelier One LLC*, No. 19-cv-06214-EJD, 2020 U.S. Dist. LEXIS 113363, at *8 (N.D. Cal. June 28, 2020). Photographs of the relevant areas would also be helpful. *Id*.

## CONCLUSION[3]

The Court hereby orders as follows:

(1) The parties shall conduct a joint site inspection on or before December 17, 2021. The parties shall also comply with any and all deadlines subsequent to the joint site inspection as detailed in the July 1, 2021 scheduling order;

(2) Once the parties have complied with (1) above, defendants are granted leave to file a motion for summary judgment as discussed in section II above.

**IT IS SO ORDERED**.

Dated: October 26, 2021

SUSAN ILLSTON
United States District Judge

---

[3] Defendants' motion to declare plaintiff a vexatious litigant is DENIED. While plaintiff has filed a staggering number of cases there is insufficient evidence of *substantive* deficiencies of plaintiff's filings in those cases. The Ninth Circuit has held that "[i]n light of the seriousness of restricting litigants' access to the courts, pre-filing orders should be a remedy of last resort." *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014). Additionally, at this time, the Court is DENYING defendants' request for supplemental briefing on the vexatious litigant issue. Dkt. No. 34.