1

2

3

4                                UNITED STATES DISTRICT COURT

5                              NORTHERN DISTRICT OF CALIFORNIA

6

7     ORLANDO GARCIA,                              Case No. 21-cv-05081-SI

8                     Plaintiff,

9            v.                                    **ORDER DENYING MOTION FOR
                                                   RECONSIDERATION AND
10    JACK DUDUM, et al.,                          ORDERING COMPLIANCE WITH
                                                   COURT'S PRIOR ORDER**

11                    Defendants.                  Re: Dkt. Nos. 36, 37

12

13          Defendants previously filed a motion to dismiss and a motion to declare plaintiff a vexatious

14    litigant.  Dkt. No. 17.  The Court converted the motion to dismiss into a motion for summary

15    judgment, requested plaintiff provide additional evidence in support thereof, denied the motion to

16    declare plaintiff a vexatious litigant, and ordered the parties to comply with the original scheduling

17    order requiring them to conduct a joint site inspection on or before December 17, 2021.  Dkt. No.

18    35.

19          In response to the Court's order, defendants filed a motion to reconsider the denial of their

20    motion to declare plaintiff a vexatious litigant.  Dkt. No. 37.  Defendants have failed to comply with

21    the rest of the Court's order, refusing to schedule and conduct a joint site inspection and filing an

22    improper "Brief *SUA SPONTE*" essentially trying to file another motion to dismiss, this time

23    asserting lack of subject matter jurisdiction.  Dkt. No. 36 (Sua Sponte Brief); Dkt. No. 39 at 1[1]

24    (Plaintiff's Objection to Sua Sponte Brief) ("Defendants are denying Plaintiff's entry for a GO-56

25    site inspection[.]").

26          First, defendants' motion for reconsideration is DENIED.  The Court agrees with Judge

27    _____

28          [1] For ease of reference, page number citations refer to the ECF stamped number in the
      upper right corner of the page.

United States District Court
Northern District of California

United States District Court
Northern District of California

Breyer who recently ruled on a similar motion against the same plaintiff: "Defendants do not nearly come close to establishing Garcia is a vexatious litigant." *Garcia v. Beck*, No. 21-cv-04575-CRB, 2021 U.S. Dist. LEXIS 220156, at *6 (N.D. Cal. Nov. 15, 2021); *see also, Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001) (sanctions appropriate for "frivolousness, harassment, or an improper purpose."). "[T]he simple fact that a plaintiff has filed a large number of complaints, standing alone, is not a basis for designating a litigant as "vexatious." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1061 (9th Cir. 2007). Mr. Garcia admits he is an ADA tester; defendants disapprove of Mr. Garcia's tactics but they are permitted by law. Dkt. No. 28 at 9 ("Garcia is an active ADA tester."); *Dee Civ. Rights Educ. & Enf't Ctr. v. Hosp. Properties*, 867 F.3d 1093, 1101–02 (9th Cir. 2017). The Ninth Circuit has recognized that "[f]or the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." *Molski*, 500 F.3d at 1062. Any litigant may be deemed vexatious – including ADA testers. But Defendants have failed to demonstrate Mr. Garcia's cases generally are—or that this case in particular is—meritless, harassing, or improper. Indeed, Defendants here claim to have taken action to bring their restaurant into compliance with the ADA as a direct result of the lawsuit. Dkt. No. 17-1 at 13.

Accordingly, the Court will not deem Garcia a vexatious litigant and defendants' motion for reconsideration is DENIED.

Second, defendants have filed a document titled "Brief *SUA SPONTE*." Dkt. No. 36. This filing is improper – it is neither a properly noticed motion nor does it comply with the Court's previous order. **<u>Defendants shall comply with the Court's previous order and conduct a joint site inspection on or before January 14, 2022</u>**. **<u>The Court will not entertain any further motions from defendant until the joint site inspection is completed.</u>**

**IT IS SO ORDERED**.

Dated: December 17, 2021

_____
SUSAN ILLSTON
United States District Judge

2