UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA, <br><br> Plaintiff, <br><br> v. <br><br> JACK DUDUM, et al., <br><br> Defendants. | Case No. 21-cv-05081-SI <br><br> **ORDER ON DEFENDANTS' SECOND MOTION TO DISMISS** <br><br> Re: Dkt. No. 43, 52 |

Plaintiff Orlando Garcia sues (1) defendants Jack and Sylvia Dudum, in their individual and representative capacity as trustee/owners of the real property at 2412 Webb Avenue, Alameda, California ("the Property") and (2) defendant Michael Lee, owner of the Sandwich Board located at the Property. Dkt. No. 1 at ¶¶ 2-3. Plaintiff alleges various barriers to accessibility at the Property under the Americans with Disabilities Act ("ADA") and California state law.

Before the Court is defendants' second motion to dismiss pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction. Defendant argues: (1) plaintiff's ADA claims should be dismissed as moot and (2) the Court should decline to exercise supplemental jurisdiction over the California Unruh Act claim. The Court previously determined that oral argument was not necessary to resolve the matter and vacated the hearing set for March 25, 2022 per Civil Local Rule 7-1(b). Having reviewed the parties' submissions and the applicable law, the Court finds, for the reasons stated below, defendants' motion to dismiss on mootness grounds is GRANTED and the Court declines to exercise supplemental jurisdiction over plaintiff's Unruh Act claim.

**BACKGROUND**

Plaintiff is a California resident who suffers from Cerebral Palsy, resulting in manual

dexterity issues, an inability to walk, and requiring use of a wheelchair for mobility. Dkt. No. 1 ¶ 1 (Complaint). From 2014 to August 20, 2021, plaintiff has filed 732 lawsuits, 582 of which were ADA complaints filed in the Central District of California. Dkt. No. 19 ¶ 1 (Corfee Decl. ISO MTD).

Defendants Jack and Sylvia Dudum own the Property at which defendant Michael Lee owns and operates the business the Sandwich Board. Dkt. No. 1 ¶¶ 2-3. Plaintiff allegedly went to the Sandwich Board in May 2021 "to avail himself of its good or services …" Dkt. No. 1 ¶ 10. During that visit, plaintiff personally encountered barriers to accessibility, specifically a lack of: (1) wheelchair accessible counters and (2) wheelchair accessible dining surfaces while other dining surfaces (an outdoor seating table) were available. Dkt. No. 1 ¶¶ 12-21.

Plaintiff filed the instant action on June 30, 2021, alleging causes of action for violation of (1) the Americans with Disability Act (ADA) and (2) California's Unruh Civil Rights Act. Dkt. No. 1. Defendants filed their first motion to dismiss for lack of subject matter jurisdiction, arguing plaintiff's ADA claim was moot. Dkt. No. 17-1 at 13[1] (MTD No. 1). To support their motion, defendants submitted extrinsic evidence: a declaration of Gary Layman, a Certified Access Specialist ("CASp") who inspected the Property on August 18, 2021. Dkt. No. 21 (Layman Decl.). Because the motion to dismiss relied on extrinsic evidence, the Court converted the motion to dismiss into a motion for summary judgment. Dkt. No. 35 at 4 (Order on MTD). Mr. Layman's declaration concluded the Property is ADA-compliant. Dkt. No. 21 (Layman Decl.).

The Court found "Mr. Layman's declaration is too conclusory to determine whether the Property complies with the ADA." Dkt. No. 35 at 4 (Order on MTD). The Court ordered the parties to conduct a joint site inspection and submit further briefing on the motion for summary judgment with respect to the mootness issue. *Id.* at 5. The joint site inspection was conducted on December 16, 2021. Dkt. No. 44 at 2 (Joint Case Mgmt. Statement). Defendants contend during the joint site inspection, plaintiff's CASp, Paul Bishop, verbally confirmed the sales counter is ADA-compliant and no further work is necessary. *Id.*

---

[1] For ease of reference, page number citations refer to the ECF branded number in the upper right corner of the page.

Plaintiff has not filed a declaration from CASp Paul Bishop. In the Joint Case Management Statement, plaintiff stated he "intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barrier [sic] removed or remediated." *Id.* at 6. Plaintiff has not requested leave to amend the complaint.

Defendants, with their second motion to dismiss, have now submitted a declaration of Kelly Bray, a CASp who inspected the Property on December 29, 2021 concerning the two ADA violations in Plaintiff's complaint. Dkt. No. 52-6 (Bray Decl.). Mr. Bray's declaration describes measurements taken and measurement methods used at the Sandwich Board during the inspection. *Id.* Mr. Bray included an exhibit containing photographs showing measurements taken at the Property confirming the sales counter is ADA-compliant. Dkt. No. 52-7 at 2-3 (Bray Decl. Ex. A). The photographs show the outdoor dining table has been removed and the Sandwich Board has no dining surfaces. *Id.* at 2. The declaration includes a copy of a contract wherein defendant Mr. Lee hired Mr. Bray to perform bi-annual inspections of the Property for the next three years. Dkt. No. 52-7 at 5-6 (Bray Decl. Ex. B). The contract's scope includes both (1) verifying the ADA violations in plaintiff's complaint remain remediated and (2) identifying any new ADA violations. *Id.* Defendants have also submitted a copy of the Sandwich Board's ADA policy manual. Dkt. No. 52-5 (Sandwich Board ADA Manual).

**LEGAL STANDARD**

A defendant may file a Rule 12(b)(1) motion to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A defendant may challenge subject matter jurisdiction either "facially," arguing the complaint lacks jurisdiction "on its face," or "factually," presenting extrinsic evidence showing the claim's facts lack jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the

3

allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

As a general matter, "[i]n resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* "However, when the jurisdictional issue and the merits are 'intertwined,' or when the jurisdictional question is dependent on the resolution of factual issues going to the merits, the district court must apply the summary judgment standard in deciding the motion to dismiss." *Miller v. Lifestyle Creations, Inc.*, 993 F.2d 883 (9th Cir. 1993) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). "The question of jurisdiction and the merits of an action are intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Safe Air for Everyone*, 373 F.3d at 1039. Applying the summary judgment standard, the defendant must demonstrate there is no genuine dispute of material fact regarding the relevant accessibility barriers. *See Miller*, 993 F.2d at 883.

**DISCUSSION**

The Court will convert defendants' second motion to dismiss for mootness to a motion for summary judgment. Defendants rely upon extrinsic evidence from Kelly Gray, CASp, in order to establish the Property is ADA compliant. Dkt. No. 52-6 (Bray Decl.).

In this case, the question of whether there are violations of the ADA at the Property is determinative of both subject matter jurisdiction and the substantive claim for relief. Thus, the jurisdictional issue and the merits are intertwined, requiring the summary judgment standard.

There are two issues to discuss: (1) whether Mr. Garcia's ADA claim should be dismissed as moot due to defendants' voluntary remediation and (2) whether, after dismissing Mr. Garcia's ADA claim as moot, the Court should retain supplemental jurisdiction over the Unruh Act claim.

**I.        Mootness of ADA Claim**

Because a private plaintiff can sue only for injunctive relief under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA

4

1  claim. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011); *see, e.g., Johnson v. Gallup & Whalen Santa Maria*, No. 17-CV-01191-SI, 2018 WL 2183254, at *4 (N.D. Cal. May 11, 2018) ("There can be no effective relief here, where defendants have already removed the architectural barriers that plaintiff identified in the complaint."). That is because a plaintiff only has Article III standing for injunctive relief if he can "demonstrate a sufficient likelihood that he will again be wronged in a similar way. That is, he must establish a real and immediate threat of repeated injury." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004). The threat of future injury dissipates if the barriers to accessibility have been remediated. *See Johnson v. Holden*, No. 5:18-CV-01624-EJD, 2020 WL 1288404, at *4 (N.D. Cal. Mar. 18, 2020).

In this case, defendants argue their voluntary remediation of the two barriers at issue—all structural—has mooted plaintiff's ADA claim. The Court agrees that if defendant can establish remediation, plaintiff's ADA claim is moot. The Court is satisfied defendants' alleged changes would not be mere "temporary fixes." *Sanchez v. Wendys No. 7421*, No. 819CV00111JLSDFM, 2019 WL 6603177, at *2 (C.D. Cal. Sept. 3, 2019). The Court is also satisfied defendants' CASp has presented factual support for a finding that the Property has come into compliance with the applicable ADA standards. *Kalani v. Starbucks Corp.*, 81 F. Supp. 3d 876, 882–83 (N.D. Cal. 2015), *aff'd sub nom. Kalani v. Starbucks Coffee Co.*, 698 F. App'x 883 (9th Cir. 2017); Dkt. No. 52-6 (Bray Decl.); Dkt. No. 52-7 at 2-3 (Bray Decl. Ex. A). Following the joint site inspection, plaintiff has not presented evidence showing a genuine dispute of material fact remains regarding the ADA violations alleged in the complaint. Dkt. No. 44 at 2 (Joint Case Mgmt. Statement).

Plaintiff cites to *Doran v. 7-Eleven, Inc.*, which found "[s]o long as there is an actual or imminent injury from a barrier encountered or about which a person had knowledge," a plaintiff has standing to sue for injunctive relief against all barriers "related to his specific disability." 524 F.3d 1034, 1047 (9th Cir. 2008). In other words, if the plaintiff was deterred from the defendant's premises or denied full and equal enjoyment of the facility by barriers he personally encountered and listed in the complaint, plaintiff has standing to investigate additional barriers he did not personally encounter. *Id.* The Ninth Circuit elaborated on this principle, noting a plaintiff "must additionally demonstrate 'a sufficient likelihood that he will again be wronged in a similar way'" to

"establish a 'real and immediate threat of repeated injury.'" *Chapman v. Pier 1 Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011) (citations omitted). Here, unlike the plaintiffs in *Chapman* and *Doran*, plaintiff has not shown a sufficient likelihood of future harm to justify standing based on barriers not contained in the complaint. In *Doran*, the court noted Doran visited the store "on ten to twenty prior occasions," found its location convenient for him, and his intention to return "at least once a year" was supported in the record. 524 F.3d at 1040. By contrast, plaintiff's single visit to the Sandwich Board, coupled with defendants' steps to prevent future ADA violations, render the threat of future harm too unlikely to justify further site inspections to uncover unencountered barriers. The Sandwich Board is a small restaurant, now engaged in a multi-year contract to obtain biannual CASp inspections which expressly include identifying new barriers, thus unlikely to require a series of "piecemeal litigation" in which each suit uncovers another barrier. *Id.* at 1046.

Plaintiff's additional arguments merit consideration in light of the risk defendants would "return to [their] old ways" following voluntary cessation and dismissal for mootness. *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222 (2000). First, plaintiff notes defendant Mr. Lee admits the seating table was removed and the wheelchair-accessible sales counter was added in response to this litigation. Dkt. No. 54 at 4 (Garcia Opp. to MTD). Plaintiff claims this indicates a lack of sincerity in defendants. However, defendants acted promptly, obtaining their first CASp site inspection within two months after plaintiff filed the complaint. Dkt. No. 21 (Layman Decl.). There is no evidence in the record showing defendants have a history of ADA violations or knew about the barriers prior to this suit. Defendants developed an ADA compliance manual and have retained a CASp for biannual inspections for three years. Dkt. No. 52-7 at 5-6 (Bray Decl. Ex. B). Thus, defendants' actions point toward a low likelihood of the barriers' reappearance.

Second, plaintiff points out courts will look to the cost of repairs when determining whether the barrier will likely reappear. Dkt. No. 54 at 6 (Garcia Opp. to MTD). Here, while the cost of removing one table and purchasing another is relatively low, defendants have also incurred costs in legal fees and in hiring CASp experts at up to $600 per inspection, relatively high costs for a small business. Dkt. No. 52-7 at 5 (Bray Decl. Ex. B). Accordingly, "the Court finds that the voluntary cessation doctrine does not apply here to prevent dismissal as moot." *Johnson v. Mo's TBJ Campbell*

*LP*, No. 5:21-CV-01621-EJD, 2021 WL 4846855, at *3 (N.D. Cal. Oct. 18, 2021).

## II. Supplemental Jurisdiction over Unruh Act Claim

Defendants' curing of the alleged barriers does not moot plaintiff's Unruh Act claim "because a claim for damages under the Unruh Act looks to past harm." *Johnson v. Opa Campbell LP*, No. 21-CV-01619-PJH, 2021 WL 3493712, at *4 (N.D. Cal. Aug. 9, 2021) (quoting *Arroyo v. Aldabashi*, No. 16-CV-06181-JCS, 2018 WL 4961637, at *5 (N.D. Cal. Oct. 15, 2018)). However, the Unruh Act claim is a California state law claim, which is only properly before a federal court through supplemental jurisdiction. *Id.*

A district court may decline to exercise supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

Regarding § 1367(c)(3), "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999 (9th Cir.), supplemented, 121 F.3d 714 (9th Cir. 1997), as amended (Oct. 1, 1997) (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). The factors to be considered include economy, convenience, fairness, and comity. *Acri* at 1001. After considering these factors, "[c]ourts in this district have declined to exercise supplemental jurisdiction over Unruh Act claims after dismissing the parallel ADA claim." *Johnson v. Techbusiness Res., LLC*, No. 20-CV-06048-BLF, 2020 WL 7013596, at *3 (N.D. Cal. Nov. 28, 2020). Here, the facts and procedural posture match similar cases in which courts found declining supplemental jurisdiction to be consistent with principles of judicial economy and fairness. *Id.*

Regarding § 1367(c)(4), the Ninth Circuit found "exceptional circumstances" justified declining supplemental jurisdiction over Unruh Act claims filed in federal court. *Arroyo v. Rosas*, 19 F.4th 1202, 1211-12 (9th Cir. 2021). The only available remedy for private ADA claims is

7

injunctive relief, whereas the Unruh Act allows monetary damages. *Id.* To deter frivolous claims, "California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act." *Velez v. Il Fornanio (Am.) Corp.*, No. 318CV1840CABMDD, 2018 WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018). However, federal courts have not adopted California's heightened Unruh Act pleading requirements. *Arroyo v. Rosas*, 19 F.4th at 1212. Thus, a plaintiff may circumvent California's heightened pleading requirements for an Unruh Act claim by attaching an ADA claim and suing in federal court. Retaining supplemental jurisdiction over such an Unruh Act claim after the ADA claim was dismissed as moot would enable precisely the "significant adverse impact on federal-state comity" the Ninth Circuit warned about. *Id.* at 1211.

Here, both § 1367(c)(3) and § 1367(c)(4) provide independent bases to decline supplemental jurisdiction. Considering the issue of federal-state comity together with the other factors leads to the conclusion that the fairest solution is for Mr. Garcia to bring his California state Unruh Act claims in California state court, subject to California's pleading requirements. *See Garcia v. Maciel*, No. 21-CV-03743-JCS, 2022 WL 395316, *4-5 (N.D. Cal. Feb. 9, 2022).

## CONCLUSION[2]

The Court hereby orders as follows:

(1) The Court GRANTS summary judgment as to Mr. Garcia's ADA claim, finding it moot.

(2) The Court declines to exercise supplemental jurisdiction over Mr. Garcia's Unruh Act claim and DISMISSES the claim without prejudice to Mr. Garcia refiling it in state court.

**IT IS SO ORDERED**.

Dated: March 30, 2022

SUSAN ILLSTON
United States District Judge

---

[2] Defendants previously filed a motion seeking administrative relief from General Order 56. That motion is DENIED as moot.